LOUIS H. PINK, SUPERINTENDENT OF INSURANCE OF THE STATE OF NEW YORK, AS LIQUIDATOR OF THE NATIONAL MORTGAGE CORPORATION, AND JOHN MILTON AND MILTON GOLDMAN, AS EQUITY RE-CEIVERS OF NATIONAL MORTGAGE CORPORATION, PLAINTIFFS-APPELLANTS, v. VIOLET P. DEERING, DEFENDANT-RESPONDENT.

Submitted October 4, 1938—Decided March 15, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and HEHER.

For the appellants George Letterhouse, Roland P. Staples and Milton W. Blackmar, trustees, &c., *John D. Craven.*

For the respondent, *Applegate, Stevens, Foster & Reussille.*

PER CURIAM.

This is a suit in attachment based upon the following covenant contained in a mortgage, dated December 16th, 1930, made by James R. Deering and his wife, the defendant herein, to the National Mortgage Corporation, covering lands

in the borough of Rumson, conditioned upon the payment of James R. Deering's debt of $40,000 to the mortgagee, secured to be paid by his bond bearing even date therewith:

"And the said party of the first part, their heirs, executors and administrators, do covenant and agree to pay unto the said Mortgagee, its successors or assigns, the said sum of money and interest as mentioned above and expressed in the conditions of said bond."

The amount sought to be recovered was the deficiency on foreclosure. The attachment issued against defendant as a nonresident debtor. The goods attached consisted of the household furnishings contained in the dwelling house erected upon the mortgaged lands. There was no appearance by the defendant, and final judgment for $20,587.20 was entered on June 3d, 1937.

Thereafter, on April 14th, 1938, a rule was entered, on defendant's application, directing the plaintiffs and the trustees to show cause why the judgment should not be vacated; and on July 18th, 1938, Judge Lawrence entered an order vacating the judgment and declaring it void, on the ground that "there was no debt due and owing from defendant to the plaintiffs or any of them." The trustees have succeeded to plaintiffs' rights; and they appeal.

We concur in the view expressed by Judge Lawrence that the case is ruled by *Echikson* v. *Zalenski*, 106 *N. J. L.* 508. There the mortgage contained a like covenant; and our court of last resort, in an opinion by Mr. Justice Bodine, declared: "The prior foreclosure proceedings wiped out the plaintiff's mortgage, the plaintiff being a party defendant to that action. *McCall* v. *Yard*, 9 *N. J. Eq.* 358. Since the mortgage was wiped out by the foreclosure proceedings, the plaintiff held his bond unsecured by collateral. *Seigman* v. *Streeter*, 64 *N. J. L.* 169. * * * Since in the instant case the mortgagee's right upon the mortgage was wiped out by foreclosure no greater rights arise than are given by the bond. Upon this the wife was never indebted."

Appellants point out that in the cited case the bond was secured by a second mortgage, but that does not constitute

an essential difference. The case of *Lembeck & Betz Brewing Co.* v. *Krause,* 94 *N. J. L.* 219, is not in point. But if there is any inconsistency, the later case is controlling.

We find no merit in the other points raised by the grounds of appeal and argued on the brief.

The court plainly had jurisdiction over the trustees. And it also had control of the judgment. *Newark* v. *Smith,* 120 *N. J. L.* 56. The relief afforded was not barred by laches or estoppel. The point that this relief was not available as against the trustees, because they "are *bona fide* holders for value of the said chattels" under a bill of sale from the receivers in equity, is frivolous.

The judgment is accordingly affirmed, with costs.